## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NDOKEY ENOW, # 435845 | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v | * | Civil Action No.  PWG-15-2602 |
| | * | |
| JUDGE STEVEN G. SALANT | * | |
| | * | |
| Defendant. | * | |
| | *** | |

### MEMORANDUM OPINION

On September 2, 2015, self-represented plaintiff Ndokey Enow ("Enow") filed a Complaint and a Motion to Proceed in Forma Pauperis. (ECF Nos. 1, 2)  Enow will be granted leave to proceed in forma pauperis for the purpose of preliminary review of the Complaint.

### BACKGROUND

Enow is suing the Honorable Judge Steven G. Salant, pursuant to 42 U.S.C. § 1983 for allegedly violating his rights under the First, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments and the Maryland Tort Claims Act. Judge Salant is an Associate Judge on the Circuit Court of Maryland for Montgomery County.

Enow states that on January 9, 2015, he entered a guilty plea before Judge Salant to solicitation to commit first-degree murder.  Enow claims his plea was neither knowing nor voluntary.  Further, Enow faults Judge Salant *inter alia* for "maliciously" sentencing him on February 27, 2015, to a term of forty years of incarceration, sentencing him above the guideline range, denying him due process, and failing to recognize attendant mitigating circumstances. Compl.  As relief, Enow requests $250,000 million damages for "negligence." *Id.*

### DISCUSSION

This Complaint seeks to hold a state court judge liable for decisions arising out of the performance of his judicial duties. It is well-settled law that judges are entitled to immunity to suit in the performance of their judicial functions. *See Mireless v. Waco*, 502 U.S. 9, 13 (1991). "The doctrine of judicial immunity is founded upon the premise that a judge, in performing his or her judicial duties, should be free to act upon his or her convictions without threat of suit for damages." *Id.* (citations omitted). Therefore, "[a] judge is absolutely immune from liability for his [or her] judicial acts even if his [or her] exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Further, judicial immunity is a shield from suit, not just from assessment of damages. *Mireless*, 502 U.S. at 11.

Judicial immunity can be overcome in two circumstances. First, a judge is not immune from liability for his or her non-judicial acts. *Stump*, 435 U.S. at 360. Second, a judge is not immune for actions that, though judicial in nature, were taken in complete absence of all jurisdiction. *Id.* at 356–57. In determining whether an act is judicial, a court examines whether the act in contention is a function normally performed by a judge. *Id.* at 362. Neither circumstance applies here.

Enow does not dispute Judge Salant's decisions were rendered in the performance of his judicial duties nor does he question the exercise of jurisdiction. Instead, his claims are premised on his disappointment with the sentence imposed. Dismissal of this case is compelled by the doctrine of absolute judicial immunity as well as under federal statute at 28 U.S.C. § 1915(e)(2)(B)(iii) (directing courts to dismiss cases of litigants proceeding in forma pauperis against a defendant who is immune from relief).

Although captioned as a proceeding under 42 U.S.C. § 1983, this action essentially is an attempt to appeal a state conviction in federal court. As such, the *Rooker–Feldman* doctrine

warrants abstention in this case. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983). The *Rooker–Feldman* doctrine is a jurisdictional rule that prohibits a federal district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In other words, the doctrine precludes claims that seek redress for an injury caused by a state-court decision, because such a claim essentially asks "'the federal district court to conduct an appellate review of the state-court decision.'" *Adkins v. Rumsfeld*, 464 F.3d 456, 464 (4th Cir. 2006) (quoting *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006)).[1]

## CONCLUSION

For the above stated reasons, this case will be dismissed with prejudice.  A separate Order follows.

| | |
|---|---|
| 100616 | |
| Date | Paul W. Grimm |
| | United States District Judge |

---

[1]  Enow may challenge his state conviction by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  He first must exhaust his claims before the state courts before filing a § 2254 petition for federal habeas relief.  Enow will be sent a forms and instructions packet for filing a § 2254 petition.